# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN (JACKSON) DIVISION

| | | |
|---|---|---|
| JAXON ENERGY, LLC, | * | |
| Plaintiff, | * | CIVIL ACTION NO. |
| | * | 3:19-CV-00207-DPJ-FKB |
| v. | * | |
| HARGROVE AND ASSOCIATES, INC., | * | |
| Defendant. | * | |

## ANSWER

COMES NOW Defendant, Hargrove and Associates, Inc. ("Hargrove"), and for answer to the allegations of Plaintiff's Complaint (Doc. 1) states as follows:

### Parties

1. The allegations contained in Paragraph 1 of the Complaint are unknown to Hargrove and therefore denied.

2. Admitted.

### Jurisdiction and Venue

3. The allegations contained in Paragraph 3 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is required, denied.

4. Denied. Here the parties agreed to the "exclusive jurisdiction" of the Alabama courts.

5. The allegations contained in Paragraph 5 of the Complaint are not directed at Hargrove. To the extent a response is required, denied.

1

## Facts

6. Hargrove adopts and realleges it prior answers as if fully set forth herein.

7. Admitted.

8. Admitted, to include the Seconded Services Agreement Override attached as Exhibit B to the EPCM.

9. Admitted, to include the Seconded Services Agreement Override attached as Exhibit B to the EPCM.

10. Denied as written. The Operations Support proposal adopts the terms and conditions of the EPCM and the Seconded Services Agreement Override attached as Exhibit B to the EPCM.

11. Hargrove denies this allegation as written.

12. Hargrove denies this allegation as written.

13. Hargrove denies this allegation as written. Hargrove's letter(s) speaks for itself.

14. Denied.

15. Denied.

## Count 1: Breach of Contract

16. Hargrove adopts and realleges it prior answers as if fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

### Count 2: Conversion

22. Hargrove adopts and realleges it prior answers as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

### PLAINTIFF'S DEMAND FOR JUDGMENT

As to the allegations stated in the unnumbered paragraph of the Complaint beginning, "WHEREFORE, PREMISES CONSIDERED," Hargrove denies that it committed any wrongful act or omission, breached any contract or converted any property and further denies that it is liable to Plaintiff for any damages, and denies that Plaintiff is entitled to any other relief whatsoever.

### AFFIRMATIVE DEFENSES

1. This court lacks subject matter jurisdiction based upon the exclusive venue clause of the Seconded Services Agreement attached to the EPCM.
2. This court lacks personal jurisdiction over Hargrove based upon the exclusive venue clause of the Seconded Services Agreement attached to the EPCM.
3. Venue is improper for this action based upon the Seconded Services Agreement attached to the EPCM.
4. The Plaintiff's complaint against Hargrove fails to state a claim upon which relief may be granted.
5. The Plaintiff's damages, if any, were caused by individuals or entities other than Hargrove.
6. The Plaintiff is at fault for its own injuries and damages (if any).
7. The Plaintiff failed to mitigate any damages that it may have.
8. Hargrove pleads the affirmative defense of intervening or superseding cause.
9. The Plaintiff failed to perform and/or materially breached the obligations imposed on it by law and/or by contract including but not limited to its failure to timely pay the

Defendant under the contract(s) and its solicitation of defendants employees in violation of the contract(s).

10. Hargrove affirmatively avers that the actions demanded of it by Plaintiff at the time complained of were illegal, in violation of federal and/or state safety standards, industry practice, good judgment, unreasonable, unsafe and/or in violation of the contracts between the parties.

11. Hargrove affirmatively avers that the actions demanded of it at the time were unconscionable under the circumstances.

12. Hargrove affirmatively avers that Plaintiff breached the contract under which it has sought recovery hereunder and therefore cannot enforce the same.

13. Hargrove affirmatively asserts that Plaintiff seeks a betterment or unjust enrichment or windfall recovery, and such claims are barred as a matter of law.

14. Hargrove pleads the absolute privilege to refuse to conduct unsafe operations as an implied condition of the contracts between the parties.

15. Hargrove affirmatively asserts that it, to date, has complied with and fulfilled all of its contractual obligations.

16. Hargrove affirmatively asserts that some or all of the damages alleged are speculative and/or were not reasonably foreseeable.

17. Hargrove pleads lack of causal relation, actual, legal or proximate, between its conduct and any claimed damages.

18. Hargrove affirmatively asserts the right to set-off, recoupment and/or credit in regard to any monies owed to Hargrove or recovered by Plaintiff for the damages claimed.

19. Hargrove affirmatively assert that the claims are barred on the basis of "unclean hands."

20. Plaintiff failed to plead items of special damages, if any, with sufficient particularity.

21. Hargrove asserts all defenses and limitations afforded by Mississippi Code Annotated Section 85-5-7.

22. Hargrove affirmatively invokes the disclaimer of damages and the limitation of liability clause(s) in its agreement(s) with Jaxon, specifically that Plaintiff's sole remedy shall be for Hargrove to rework its services following Plaintiff's notification or, at Plaintiff's option, refund the purchase price. Hargrove fully incorporates by reference the contracts attached to Plaintiff's Complaint.

23. Hargrove affirmatively invokes the disclaimer of damages and limitation of liability clause in its agreement with Plaintiff which specifically excludes special, consequential and punitive damages, regardless of basis or cause. Hargrove fully incorporates by reference the contracts attached to Plaintiff's Complaint.

24. Hargrove asserts all defenses and limitations afforded by Mississippi Code Annotated Section 11-7-15.

25. Hargrove denies Plaintiff is entitled to prejudgment interest as its claim is not liquidated.

26. Hargrove denies the Plaintiff is entitled to attorneys' fees.

27. Hargrove pleads impossibility as it relates to the instructions of Plaintiff at the time under the circumstances.
28. Plaintiff's claims and damages have been waived and released.
29. Hargrove pleads all remaining portions of its applicable contract(s).
30. Hargrove reserves the right to assert additional affirmative defenses during discovery.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hargrove and Associates, Inc. respectfully submits that Plaintiff's Complaint should be dismissed, taxing all costs and expenses to Plaintiff herein.

This, the 30th day of April 2019.

**HARGROVE AND ASSOCIATES, INC.**

PHELPS DUNBAR, LLP


By: */s/ Allen E. Graham*_____
    Allen "Teeto" E. Graham, MS Bar 9280
    101 Dauphin Street, Suite 1000
    Mobile, Alabama 36602
    P.O. Box 2727
    Mobile, AL 36652
    Telephone: 251-432-4481
    Telecopier: 251-433-1820
    Email: teeto.graham@phelps.com

    And

    James W. Shelson, MS Bar 9693
    4270 I-55 North
    Jackson, MS 39211
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: jim.shelson@phelps.com

## CERTIFICATE OF SERVICE

I do hereby certify that this day I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, to-wit.

    Ronnie Musgrove
    Michael S. Smith, II
    MUSGROVE SMITH LAW
    599 Highland Colony Parkway, Suite 110
    Ridgeland, Mississippi 39157

This the 30th day of April, 2019.

                                                  */s/ Allen E. Graham*

                                                  Allen "Teeto" E. Graham, MS Bar 9280

6

PD.26034039.1